**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LASHAWN BASHAM,<br><br>Plaintiff,<br><br>v.<br><br>MEDSTAR HEALTH, INC., and JAMES CURTIS ROBERSON II, M.D.<br><br>Defendants. | COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

**NOW COMES** the Plaintiff, LaShawn Basham, ("Plaintiff"), by and through the undersigned counsel, and complaining of the Defendants, MedStar Health, Inc. and James Curtis Roberson II, M.D., (collectively "Defendants"), hereby allege and state as follows:

## THE PARTIES

1. Plaintiff LaShawn Basham is an adult individual who resides at 12226 Revolution Ct. in Waldorf, Maryland.

2. Defendant James Curtis Roberson II, M.D. ("Dr. Roberson") was a physician licensed in Maryland and Virginia with a primary practice setting listed as MedStar Orthopaedic Institute, with office locations at MedStar Health Orthopedics at Brandywine at 13950 Brandywine Road, Suite 225, Brandywine, Maryland 20613, and MedStar Health Orthopedics at Lorton, located at 9455 Lorton Market Street, Suite 200, Lorton, VA 22079.

3. Defendant MedStar Health, Inc., is a healthcare system and a Maryland corporation that identifies its principal place of business as 10980 Grantchester Way, Columbia, MD 21044. Defendant MedStar Health, Inc. is authorized to conduct business within the State of Maryland. Defendant MedStar Health, Inc.'s registered agent for service in the State of Maryland is The

Corporation Trust, Incorporated located at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

4. Defendant MedStar Health, Inc. at all relevant times owned, controlled, operated, managed, and/or held itself out as owning, controlling, operating or managing MedStar Orthopaedic Institute, MedStar Health Orthopedics at Brandywine, MedStar Orthopedics at Lorton, and the clinical practices in which Dr. James C. Roberson II provided patient care.

5. MedStar Orthopaedic Institute is, on information and belief, a division, affiliate, or operating entity of MedStar Health, Inc., and the MedStar Health System, conducting business and providing clinical services at 13950 Brandywine Road, Suite 225, Brandywine, Maryland 20613 and at 9455 Lorton Market Street, Suite 200, Lorton, Virginia 22079.

6. At all relevant times referred to herein, Defendant MedStar Health, Inc. employed, retained, credentialed, supervised, and/or otherwise allowed Dr. Roberson to hold himself out to patients as a MedStar rheumatologist practicing at MedStar Health Orthopedics at Brandywine at 13950 Brandywine Road, Suite 225, Brandywine, Maryland 20613, and MedStar Health Orthopedics at Lorton, located at 9455 Lorton Market Street, Suite 200, Lorton, VA 22079.

7. At all relevant times referred to herein, Defendant Dr. Roberson held himself out to patients as a MedStar rheumatologist practicing at the Brandywine, Maryland and Lorton, Virginia locations identified above.

8. At all times referred to herein, Dr. Roberson acted for himself and as a duly authorized agent and/or employee of the Defendant, acting within the scope of the authority granted to him by the Defendant.

## <u>JURISDICTION AND VENUE</u>

9. On information and belief, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) the aggregate amount in controversy exceeds $5,000,000 exclusive of costs and interest, and (iii) there is minimal diversity because at least one member of the class and one defendant are citizens of different states, to include class members in the state of Virginia.

10. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendants, as Defendants caused and continue to cause tortious injury in the State of Maryland, performed and continue to perform acts or omissions within the State of Maryland which caused and continue to cause such tortious injury, regularly conduct and/or solicit business within the State of Maryland, engage in other persistent courses of conduct in the State of Maryland, and/or derive substantial revenue from goods, services, and/or manufactured products used and consumed within the State of Maryland.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendants are considered residents of the State of Maryland, under 28 U.S.C. § 1391(c)(2), and thus are entities over which this Court has personal jurisdiction. Venue is further proper under 28 U.S.C. § 1391 (b)(2), because the acts and/or omissions of Defendants giving rise to Plaintiffs' claims occurred in Maryland, and the property which is the subject of the action is situated in Maryland.

## **GENERAL FACTUAL ALLEGATIONS**

13. Dr. Roberson graduated from Howard University College of Medicine in 1988. His postgraduate training included Albert Einstein Medical Center in Internal and Pediatric Medicine, and Washington Hospital Center in Internal Medicine and Rheumatology.

14. Dr. Roberson reported board certifications in Internal Medicine and Rheumatology and self-designated practice areas in Internal Medicine and Rheumatology.

15. Dr. Roberson was initially licensed to practice medicine in Maryland on September 2, 2008, and in Virginia on May 21, 2009.

16. Dr. Roberson thereafter began seeing patients in his capacity as an agent and/or employee of the Defendant MedStar Health, Inc., with a primary practice setting listed as MedStar Orthopaedic Institute, at office locations including MedStar Health Orthopedics at Brandywine and MedStar Health Orthopedics at Lorton.

17. On information and belief, during Dr. Roberson's tenure as an agent and/or employee of the Defendant MedStar Health, Inc., Dr. Roberson engaged in immoral, inappropriate and tortious conduct in the practice of medicine, including conduct directed at the Plaintiff and members of the Class, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations inconsistent with accepted rheumatology practice.

18. Dr. Roberson's inappropriate conduct with patients was the subject of an investigation performed by the Maryland Board of Physicians, which was initiated by a complaint on or about October 10, 2024, wherein a female patient reported to another physician that Dr. Roberson had touched her inappropriately during a physical examination on or about May 24, 2024, at MedStar Health Orthopedics at Brandywine. *See* Maryland State Board of Physicians Consent Order In the Matter of James C. Roberson II, M.D., attached hereto as Exhibit 1.

19. Following its investigation, the Maryland Board of Physicians found that Dr. Roberson had engaged in inappropriate conduct with numerous patients including inappropriate breast examinations, which were performed without a chaperone present, performing medically inappropriate massages on patients using oil or lotion, engaging in medically unnecessary touching and penetration of patients' vaginas, performing medically inappropriate breast massages, making inappropriate sexual comments to patients, and engaging in other sexually inappropriate conduct with patients. *Id*. The report described inappropriate conduct with seven patients. *Id*. The Maryland Board of Physicians Order indicated that complaints had been made regarding Dr. Roberson's conduct in performing breast exams years earlier in 2018. *Id*.

20. On October 1, 2025, the Maryland Board of Physicians issued an Order for Summary Suspension of Dr. Roberson's license, finding he posed a substantial likelihood of serious harm to public health, safety, and welfare. That summary suspension was affirmed on October 16, 2025, and on February 2, 2026, the Board permanently revoked his medical license. *See* Maryland State Board of Physicians Consent Order In the Matter of James C. Roberson II, M.D., attached hereto as Exhibit 1.

21. Following the Maryland actions, the Virginia licensing authority imposed a mandatory suspension on or about October 20, 2025, due to action taken by the Maryland Board of Physicians.

22. At all times referred to herein, Defendant Dr. Roberson represented to patients, including the Plaintiff and the public, that he was a health care provider possessing the degree of skill, knowledge and ability possessed by a reasonably competent medical practitioner, practicing under the same or similar circumstances as those involving the Plaintiff.

23. At all times referred to herein, Defendant MedStar Health, Inc. represented to patients, including the Plaintiff and the public, that it was a health care provider, with staff and practitioners, including Dr. Roberson, possessing the degree of skill, knowledge and ability possessed by reasonably competent medical practitioners, practicing under the same or similar circumstances as those involving the Plaintiff. Specifically, Defendant MedStar Health, Inc. represented that it had healthcare providers, including Dr. Roberson, capable of treating Plaintiff in a safe and medically appropriate manner.

24. Dr. Roberson's patients, including the Plaintiff and Class Members, reasonably relied upon representations by Dr. Roberson and by MedStar Health, Inc. that Dr. Roberson was a duly qualified and competent medical provider, and trusted that the medical care that Dr. Roberson was providing was medically necessary and appropriate.

25. The Plaintiff alleges that Defendant MedStar Health, Inc. and Dr. Roberson owed patients, including Plaintiff and Class Members, the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances. This duty included reasonable medical care and treatment free from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and/or sexual misconduct, all of which the Defendants failed to do.

26. The Plaintiff alleges that the Defendant MedStar Health, Inc. owed patients, including Plaintiff and Class Members, the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included reasonable care in hiring, retention, credentialing, supervision, training, monitoring, and enforcing clinical and chaperone policies, as well as duties to protect patients from foreseeable harm by Defendant MedStar Health, Inc.'s agents and/or employees acting under Defendant

MedStar Health, Inc.'s actual and/or apparent authority, including from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, all of which Defendant MedStar Health, Inc. failed to do.

27. Throughout Dr. Roberson's tenure at Defendant MedStar Health, Inc., there were warning signs and red flags—actual or constructive—indicative of immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations inconsistent with accepted rheumatology practice, which Defendant MedStar Health, Inc. knew or should have known through the enactment and/or following of reasonable policies and procedures, oversight, patient feedback mechanisms, incident reporting, quality assurance, and supervisory review.

28. Among these warning signs, in 2018, the Maryland Board of Physicians issued an Advisory Letter regarding Dr. Roberson after conducting a preliminary investigation of a patient complaint alleging an inappropriate breast exam without a chaperone present, of which MedStar Health, Inc., was or should have been aware.

29. Despite these warning signs and complaints Defendant MedStar Health, Inc. failed in its duty to act within the standard of care and implement and/or enforce adequate policies, procedures, training, supervision, and chaperone requirements; failed to reasonably monitor Dr. Roberson's clinical practices; failed to timely investigate and intervene; and allowed Dr. Roberson continued access to vulnerable patients, including Plaintiff and Class Members.

30. Defendant MedStar Health, Inc. was negligent and breached the standard of care by failing to implement and/or enforce adequate policies, training, supervision, and chaperone requirements; failing to monitor Dr. Roberson's clinical practices; failing to timely investigate and

intervene; allowing Dr. Roberson continued access to vulnerable patients, including Plaintiff and Class Members; and failing to protect patients, including Plaintiff and Class Members, from foreseeable harm, including harm resulting from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, sexual misconduct, and fear and anxiety regarding the propriety of the medical treatment they received from Dr. Roberson.

31. As a direct and proximate result of Defendant MedStar Health, Inc.'s negligence and breach of the standard of care, patients, including Plaintiff and Class Members, were subjected to Dr. Roberson's immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations, and fear and anxiety regarding the propriety of the medical treatment they received, causing severe emotional distress, fear, anxiety, pain and suffering, and other damages described herein.

32. Had Defendant MedStar Health, Inc. acted in accordance with the standard of care, the foreseeable harm perpetrated upon patients, including the Plaintiff and Class Members, by Dr. Roberson, to include harm from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, fear and anxiety regarding the propriety of medical treatment they received, as well as the Plaintiff and Class Members' resulting physical and psychological injuries, would more likely than not have been prevented.

33. Defendant Dr. Roberson was negligent and breached the standard of care by subjecting patients, including Plaintiff and Class Members, to immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations.

34. As a direct and proximate result of Defendant Dr. Roberson's negligence and breach of the standard of care, patients, including Plaintiff and Class Members, were subjected to his immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations, and fear and anxiety regarding the medical treatment they received, causing severe emotional distress, pain and suffering, and other damages described herein.

35. Had Defendant Dr. Roberson acted in accordance with the standard of care, the foreseeable harm perpetrated upon patients, including Plaintiff and Class Members, by Dr. Roberson, to include harm from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and sexual misconduct, fear and anxiety regarding the medical treatment they received, as well as the Plaintiff's resulting physical and psychological injuries, would more likely than not have been prevented.

36. The Plaintiff, on her behalf and on behalf of the Class, refers to the negligence of the Defendants as the sole and proximate cause of all of the injuries, damages and permanent disability from which she suffers – with the Plaintiff being in no way contributorily negligent.

**THE STATUTE OF LIMITATIONS IS TOLLED BASED ON THE CONTINUING VIOLATIONS DOCTRINE AND FRAUDULENT CONCEALMENT**

37. Dr. Roberson concealed the existence of Plaintiff and Class Members' claims and the fact that Plaintiff had a cause of action against him and/or MedStar Health, Inc. at the time of his conduct by making material representation(s) to Plaintiff involving a past or existing fact, on which the Plaintiff detrimentally relied, including by misrepresenting that his acts and/or conduct were for the purpose of medically indicated examinations and/or medical care which constituted acceptable medical practice.

38. Dr. Roberson's material representation(s) to Plaintiff were false in that Dr. Roberson's conduct was not for legitimate medical purposes, but rather for his own sexual gratification and pleasure.

39. When Dr. Roberson made these material representation(s) to Plaintiff, he knew that they were false in that his conduct was not proper, appropriate, legitimate, and/or considered within the standard of care by any physician of any specialty.

40. Dr. Roberson made these material representation(s) with the intent that the material representation(s) should be acted upon by Plaintiff in that Plaintiff should believe his conduct was proper, appropriate, and legitimate.

## FACTS RELATED TO PLAINTIFFS

41. Plaintiff began treatment with Dr. Roberson in approximately 2021 or 2022 for rheumatologic evaluation and management of Sjögren syndrome at MedStar's Brandywine, Maryland practice. Plaintiff's care occurred under MedStar's branding, scheduling, facilities, and systems at 13950 Brandywine Road, Suite 225.

42. From the outset of treatment, and continuing at a frequency of approximately two to three appointments per month until Dr. Roberson's license was summarily suspended on October 1, 2025, Plaintiff experienced repeated sexual misconduct, including but not limited to boundary violations, sexual contact, sexual harassment and/or sexually inappropriate examinations

43. Plaintiff initially did not recognize the conduct as improper for a rheumatologist and believed Dr. Roberson's examinations were medically necessary because of severe pain and distress from Sjögren-related symptoms.

44. During one examination, Dr. Roberson stated he identified a fibroid near Plaintiff's ovaries, a condition of which Plaintiff had not been previously aware, and he used this assertion to justify further intimate examinations unrelated to rheumatologic care.

45. Dr. Roberson's misconduct included: inappropriate and repeated breast "exams" without clinical indication; full-body massages with lotion; and inappropriate touching of the vaginal area under the guise of medical assessment—all outside the accepted scope and standards of rheumatologic practice.

46. At the conclusion of appointments, Dr. Roberson routinely engaged in full body-to-body hugs, particularly when Plaintiff was crying from pain, and massaged Plaintiff's back while embracing her.

47. Plaintiff was frequently required by Dr. Roberson to remove clothing, including her bra; breast examinations were performed without a bra and occurred at approximately every other appointment; intimate-area contact occurred without appropriate medical indication, consent, or chaperone.

48. Dr. Roberson's conduct toward Plaintiff constituted nonconsensual and medically unnecessary sexualized contact and boundary violations that were harmful, offensive, and outside the standard of care.

49. Defendant MedStar Health, Inc. knew or should have known of Dr. Roberson's unprofessional and sexually inappropriate examination practices, including through implementation and/or enforcement of policies and/or procedures, rooming and checkout workflows, staff observations, patient complaints or expressions of distress, and the foreseeability of harm from unchaperoned intimate examinations performed by a rheumatologist.

50. Defendant MedStar Health, Inc. failed to adopt, communicate, and enforce adequate chaperone policies for sensitive examinations; failed to require documentation of indications for breast or pelvic-related examinations in rheumatology; failed to require same-gender chaperones unless affirmatively declined in writing; failed to perform targeted audits of Dr. Roberson's examination practices; and failed to suspend or restrict Dr. Roberson pending investigation.

51. As a direct and proximate result of Defendants' negligence, negligence per se, corporate negligence, negligent hiring, retention, and supervision, and vicarious liability for Dr. Roberson's conduct, Plaintiff suffered and continues to suffer severe emotional distress, anxiety, depression, humiliation, loss of dignity, physical manifestations of stress, pain and suffering, medical expenses for evaluation and therapy, and other damages in an amount to be proven at trial.

52. Defendants are jointly and severally liable for all damages caused by Dr. Roberson's misconduct and MedStar Health, Inc.'s systemic failures.

## CLASS ALLEGATIONS

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Plaintiff brings this lawsuit as a class action on her own behalf and on behalf of all other persons similarly situated as members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1)(b), 23(b)(3), and 23(c)(4). This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

55. Plaintiff brings this class action on behalf of all patients examined and/or treated in any manner by James Curtis Roberson II, M.D. at facilities owned and/or operated by MedStar Health, Inc.

56. Upon information and belief, the number of members of the Class exceeds 500 or more, and therefore, the Class is so numerous that joinder of all members is impracticable.

57. The questions of law and fact in this case are uniquely common as to all members of the Class.

58. There are common questions of law and fact in this action which are not only common as to the Class, but which predominate over any question affecting only individuals. The predominating questions include, but are not limited to:

a. Whether the Defendants owed a duty of reasonable care to Plaintiffs and the Class, including a duty to adopt, implement, and enforce policies and practices to protect patients and other foreseeable victims from unreasonable risk of harm.

b. Whether the Defendants breached their duties of care through acts or omissions, including negligent hiring, retention, training, supervision, investigation, reporting, or security practices, thereby exposing Plaintiffs and the Class to foreseeable harm.

c. Whether Defendant MedStar Health, Inc. knew or should have known of prior incidents, complaints, or warning signs indicating an unreasonable risk of harm to Plaintiffs and the Class, and whether they failed to take reasonable steps in response.

d. Whether Defendant MedStar Health, Inc. maintained policies, patterns, or practices that concealed or minimized reports of misconduct, discouraged reporting, or prioritized institutional reputation over patient and public safety.

e. Whether Defendant MedStar Health, Inc.'s policies, patterns, or practices were a substantial factor in causing the injuries alleged by Plaintiffs and the Class.

f. Whether Defendant MedStar Health, Inc. failed to warn Plaintiffs and the Class, or failed to implement reasonable safeguards, after receiving actual or constructive notice of risk.

g. Whether Defendant MedStar Health, Inc. negligently supervised personnel whose conduct created an unreasonable risk of harm to Plaintiffs and the Class.

h. Whether Defendant MedStar Health, Inc. negligently retained personnel, including Dr. Roberson after learning, or when they should have learned, that such personnel posed a foreseeable risk of harm.

i. Whether Defendant MedStar Health, Inc. failed to properly train personnel on recognizing, preventing, reporting, and responding to misconduct and safety risks affecting Plaintiffs and the Class.

j. Whether Defendant MedStar Health, Inc.'s premises, programs, or operations posed dangerous conditions or unreasonable risks that were foreseeable and preventable through reasonable care.

k. Whether Defendant MedStar Health, Inc. failed to report, escalate, or investigate complaints or incidents as reasonable care required, and whether such failures increased the risk of harm.

l. Whether Defendant MedStar Health, Inc. made express or implied representations to Plaintiffs and the Class regarding safety, screening, supervision, investigation, or response protocols, and whether such representations were inaccurate or misleading.

m. Whether Defendant Dr. Roberson breached the applicable standard of care in treating Plaintiff and the Class.

n. Whether Defendant MedStar Health, Inc. and Defendant Dr. Roberson's breaches of the standard of care proximately caused the injuries suffered by Plaintiffs and the Class.

o. Whether Defendants' conduct constituted negligence, negligent supervision, negligent retention, negligent training, and/or premises liability.

p. Whether the conduct of Dr. Roberson was undertaken within the scope of his employment and/or authority such that Defendant MedStar Health, Inc. is vicariously liable.

q. The existence, scope, and applicability of any insurance coverage available to satisfy judgments in this matter, and whether coverage issues present class-wide common questions.

59. The claims of the named Plaintiff, who is a representative party, are typical of the claims of the members of the Class.

60. Plaintiff will fairly and adequately represent and pursue the interests of the Class. Plaintiff understands the nature of her claims herein, has no disqualifying conditions, and will vigorously represent the interests of the Class Members.

61. Plaintiff's counsel are experienced in Class Actions and other complex litigation. Thus, Plaintiff's counsel will adequately represent the interests of the Class.

62. This action is properly maintainable as a Class Action pursuant to Federal Court Civil Rule 23(b)(1)(b) in that adjudications with respect to individual class members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests, given the potentially limited funds available.

63. This action is properly maintainable as a Class Action pursuant to Federal Court Civil Rule 23(b)(3) in that questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy between the Class and the Defendants.

64. The predominance of common issues of law and fact in this case is clear. The questions of law and fact common to members of the Class set forth hereinabove, represent the overwhelming majority of evidence that must be presented in this case.

65. The difficulties likely to be encountered in the management of a Class Action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through hundreds of separate actions, which would necessarily include evidence and testimony relating to the conduct of Defendants and include testimony from a multitude of experts on liability and damages, and potentially tens of thousands of pages of exhibits.

66. In the alternative to certification under Rule 23(b)(1)(b) or 23(b)(3), Plaintiff and the Class seek to maintain a class action with respect to particular issues under Rule 23(c)(4), including the common issues identified above.

## CAUSES OF ACTION

### COUNT I

### Negligence
### (all Defendants)

67. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

68. At all relevant times, MedStar Health, Inc. represented to Plaintiffs, Class Members and the public that it operated healthcare facilities with personnel possessing and exercising the degree of skill, knowledge, and ability of reasonably competent medical practitioners under similar circumstances, including providing a safe environment for medical treatment.

69. MedStar Health, Inc. owed Plaintiff and Class Members a duty of reasonable care, arising from their special relationship as healthcare providers responsible for their medical care, to protect them from foreseeable harm, including misconduct by staff and agents.

70. MedStar Health, Inc. further owed duties to: (a) adopt and enforce policies to protect patients from misconduct; (b) screen, train, supervise, and monitor personnel with access to patients; and (c) ensure compliance with professional standards and boundaries.

71. In breach of its duties, MedStar Health, Inc., among other things: (a) failed to use ordinary care in determining whether its facilities and practices were safe for patients; (b) failed to implement and enforce adequate policies and procedures to prevent misconduct; (c) failed to train staff to identify, prevent, and report misconduct; (d) permitted inappropriate conduct by staff; (e)

failed to adequately supervise staff with access to patients; (f) failed to investigate and act upon warning signs and reports of misconduct; and (g) otherwise failed to exercise reasonable care to assure Plaintiff and Class Members' safety.

72. Dr. Roberson also owed patients, including Plaintiff and Class Members, the duty to exercise the degree of care, skill and judgment expected of a competent medical practitioner acting in the same or similar circumstances, which duty included reasonable medical care and treatment free from immoral conduct in the practice of medicine, unprofessional conduct in the practice of medicine, and/or sexual misconduct, all of which he failed to do.

73. As a direct and proximate result of the foregoing negligence, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages, including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

74. Plaintiff and Class Members also suffered economic harm, including, but not limited to, lost wages, diminution in earnings, and other economic losses.

75. Venue and damages are proper as pleaded elsewhere in this Complaint. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT II

### Negligent Hiring
### (Defendant MedStar Health, Inc.)

76. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

77. MedStar Health, Inc. owed Plaintiff and Class Members a duty to use reasonable care in vetting Dr. Roberson and any other staff member permitted unsupervised access to patients,

including through background checks, reference checks, and evaluation of fitness to work with patients.

78. MedStar Health, Inc. failed to use reasonable care in the evaluation and selection of Dr.Roberson, rendering him unfit for the work assigned and creating foreseeable risks of boundary violations and misconduct.

79. MedStar Health, Inc. breached its duty by employing Dr. Roberson in roles with unsupervised access to patients without adequate screening and in disregard of known risks.

80. As a direct and proximate result of the foregoing negligence, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages, including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

81. Plaintiff and Class Members also incurred economic harm as previously alleged. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT III

## Negligent Supervision and Retention
## (Defendant MedStar Health, Inc.)

82. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

83. MedStar Health, Inc. had a duty to supervise Dr. Roberson and to retain only personnel suitable for positions involving access to patients.

84. Despite warning signs and the foreseeable risk of misconduct arising from unsupervised access and policy violations, MedStar Health, Inc. failed to appropriately monitor Dr. Roberson’s conduct and retained him in a position enabling ongoing misconduct.

85. MedStar Health, Inc. breached its duties by failing to supervise, monitor, investigate, discipline, or remove Dr. Roberson and by permitting ongoing violations of safety policies and/or by failing to have appropriate safety policies in place.

86. Had MedStar Health, Inc. reasonably supervised and monitored Dr. Roberson, it would have discovered his unsuitability for continued employment.

87. As a direct and proximate result of the foregoing negligence, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages, including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

88. Plaintiff and Class Members also incurred economic harm as previously alleged. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

## COUNT IV

### Premises Liability
### (Defendant MedStar Health, Inc.)

89. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

90. MedStar Health, Inc. owed Plaintiff and Class Members a duty to maintain its facilities in a condition reasonably safe from the risk of misconduct by staff and agents, and to eliminate known or foreseeable dangers.

91. MedStar Health, Inc. negligently failed to provide safe premises, creating a dangerous condition.

92. As a direct and proximate result of the foregoing negligence, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages,

including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

93. Plaintiffs and Class Members also incurred economic harm as previously alleged. The amount in controversy exceeds Thirty Thousand Dollars ($30,000.00).

**COUNT V**

**Vicarious Liability (Respondeat Superior and Apparent Agency)**

94. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

95. At all relevant times, Dr. Roberson acted as an actual or apparent agent and employee of MedStar Health, Inc, which exercised or appeared to exercise control over his work, provided the instrumentalities of his position, and placed him in positions of trust and authority over patients.

96. At all relevant times Plaintiff and all Class Members had reason to rely upon and believe that Dr. Roberson was an agent and employee of MedStar Health. The physical locations of treatment were in "MedStar" buildings and medical records included "MedStar" letterhead.

97. MedStar Health, Inc. is vicariously liable for the wrongful acts of James Roberson, which were facilitated by the authority, facilities, duties, and instrumentalities conferred by its employment and apparent agency.

98. As a direct and proximate result of the foregoing negligence, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages, including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

99. Plaintiffs and Class Members also incurred economic harm as previously alleged. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

**COUNT VI**

**Concealment**
**(Defendant MedStar Health, Inc.)**

100. Plaintiff and all Class Members re-allege and incorporate by reference the factual allegations contained in all prior paragraphs as if fully stated in this Count.

101. Defendants MedStar Health, Inc. and Dr. Roberson, had a fiduciary relationship with Plaintiff and all Class members based on the facts stated herein, and had a duty to disclose their knowledge of Dr. Roberson's inappropriate conduct, as described above.

102. Defendants failed to disclose numerous complaints, at least since 2018, related to allegations of Dr. Roberson's misconduct.

103. Defendants failed to take disciplinary action, failed to adequately investigate and report, failed to notify law enforcement or the Maryland Board of Physicians, and instead continued to make representations that Defendant Roberson was a competent medical provider who was trustworthy and providing appropriate medical care, with the intent to encourage class members to continue to seek treatment from Defendant Roberson.

104. Plaintiff and Class Members reasonably relied upon such representations and were not aware of facts concealed by Defendants.

105. As a proximate result of Defendants' false and misleading representations and/or concealments, Plaintiff and Class Members were subjected to misconduct and sustained economic and non-economic damages, including severe emotional, physical, and psychological injuries, including depression, anxiety, and loss of enjoyment of life, and have required and will continue to require mental health treatment.

**RELIEF SOUGHT BY PLAINTIFFS AND CLASS MEMBERS**

106. WHEREFORE, Plaintiff and Class Members respectfully pray that this Court:

a. assume jurisdiction of this case;

b. enter an order certifying the Class under FRCP 23;

c. appoint Named Plaintiff as Class Representative;

d. appoint Named Plaintiff's Counsel as Class Counsel;

e. enter a judgment against Defendants finding them liable to the Named Plaintiff and each Class Member;

f. award compensatory damages to each Class Member;

g. award the costs and expenses of this case, including attorneys' fees;

h. award punitive damages; and

i. award such other relief as the court deems appropriate.

107. Leave to amend this Complaint to conform to the evidence produced at trial.

108. For all other relief as may be appropriate under the circumstances and/or permitted by law or as the Court deems just and proper, whether compensatory, punitive, injunctive, or declaratory.

**JURY DEMAND**

109. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable.

*Signature block on following page.*

BROCKSTEDT MANDALAS FEDERICO LLC

/s/ *Philip C. Federico*
Philip C. Federico, Fed ID No. 01216
Brent P. Ceryes, Fed ID No. 19192
Wray Fitch IV, Fed ID No. 19722
2850 Quarry Lake Drive, Suite 220
Baltimore, MD 21209
Tel: 410-421-7777
Fax: 443-241-7122
pfederico@lawbmf.com
bceryes@lawbmf.com
wfitch@lawbmf.com

KEILTY BONADIO

/s/ *Thomas W. Keilty*
Thomas W. Keilty, Fed ID No. 18992
3904 Boston Street, Suite 403
Baltimore, MD 21224
Tel: 410-469-9953
tkeilty@kblitigation.com

*Attorneys for Plaintiffs*

DATED: April 17, 2026